UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEP DE PAZ SALES,<br>　　　　Plaintiff,<br>　　v.<br>WILLIAM P. BARR, et al.,<br>　　　　Defendants. | Case No. 19-cv-04148-KAW<br><br>**ORDER DENYING EMERGENCY MOTION TO ENFORCE JUDGMENT**<br>Re: Dkt. No. 19 |

On July 18, 2019, Petitioner Josep De Paz Sales filed a petition for writ of habeas corpus, seeking immediate release or a new bond hearing. (Pet. ¶ 1, Dkt. No. 1.) On September 30, 2019, the Court granted the petition and ordered "the Government to provide Petitioner with another bond hearing within twenty-one days. At the hearing, the Government must establish by clear and convincing evidence that Petitioner is a flight risk or a danger to the community in order to continue his detention." (Sept. 30, 2019 Ord. at 13, Dkt. No. 17.)

On October 21, 2019, Petitioner filed the instant emergency motion to enforce the judgment. (Pet.'s Emergency Mot. at 1, Dkt. No. 19.) Petitioner states that he was provided with a bond hearing on October 11, 2019. The immigration judge ("IJ"), however, did not issue a custody decision. (*Id.*) Instead, the IJ "indicated that he needed additional time to consider his decision, listen to an audio recording of Petitioner's initial August 2018 bond hearing, and issue a written decision. He stated it would take him three days from October 11 to issue his decision." (*Id.* (internal citations omitted).) As of the date of Petitioner's motion, the IJ has not issued a bond decision, nor has he provided any date by which a decision will be issued despite repeated inquiries. (Pet.'s Emergency Mot. at 1-2.) Petitioner asserts that a bond decision is typically made on the same day or immediately after the bond hearing. (*Id.*)

1    Since the bond hearing, Petitioner has twice inflicted self-harm in an attempt to end his
2    life. (Gupta Decl. ¶¶ 7, 9, Dkt. No. 19-1.) Petitioner was placed on suicide watch on or around
3    October 16, 2019, and was moved to a medical unit on or around October 21, 2019, where he is
4    kept inside without any outside contact for nearly twenty-three hours a day. (Gupta Decl. ¶¶ 7,
5    13.)

6    On October 22, 2019, the Government filed an opposition to the emergency motion.
7    (Gov.'s Opp'n, Dkt. No. 20.) The Government argued that the Court's order only required a bond
8    hearing, which Petitioner has received. (*Id.* at 1.) That same day, Petitioner filed his reply.
9    (Pet.'s Reply, Dkt. No. 21.)

10   The Court DENIES Petitioner's emergency motion. The Court ordered Petitioner to
11   receive, within twenty-one days, a bond hearing, at which the Government would have the burden
12   of establishing by clear and convincing evidence that Petitioner was a flight risk or a danger to the
13   community. (Sept. 30, 2019 Ord. at 13.) The Court did not, as the Government points out, require
14   a ruling by that date. Petitioner cites no authority for the Court to order release at this time.

15   The Court observes, however, that absent a ruling on the bond hearing, the Court's grant of
16   relief is rendered meaningless. The purpose of the bond hearing is to obtain a ruling; if the
17   Government provides a hearing but fails to issue a ruling, it is the equivalent of having no hearing
18   at all, depriving Petitioner of the liberty interest at stake. This is particularly the case here, where
19   it is not clear why the IJ required additional time to review the prior hearing when any release
20   decision would presumably be based on the evidence presented at the October 11, 2019 hearing,
21   after applying the correct legal standard. It is also not clear why a decision has not been issued in
22   the time frame stated by the IJ, as more than ten days have passed since the hearing.
23   Unnecessarily withholding a hearing constitutes a miscarriage of justice. This is especially so
24   given that the Government does not dispute that bond decisions are usually issued on the same day
25   as the hearing.

26   ///
27   ///
28   ///

In short, the longer it takes for the IJ to render a decision, the more it seems that Petitioner has effectively been denied a bond hearing. Accordingly, if a bond decision is not issued within **seven days** of the date of this order, the Court will entertain a renewed petition for release.

IT IS SO ORDERED.

Dated: October 22, 2019

_____
KANDIS A. WESTMORE
United States Magistrate Judge